UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Lakquan Lopez,

                                          08-CV-2652 (CPS)

                    Petitioner,

        - against -

                                          MEMORANDUM
                                          OPINION
United States of America                  AND ORDER

                    Respondent.

-------------------------------------X

SIFTON, Senior Judge.

        Petitioner Lakquan Lopez was convicted in 2007 before the
undersigned of possession with intent to distribute cocaine base
("crack"), in violation of 21 U.S.C. § 841(a)(1) and
841(b)(1)(B)(iii).  Now before this Court is petitioner's
application to vacate, set aside, or correct that conviction
pursuant to 28 U.S.C. § 2255.  For the reasons set forth below,
petitioner's application is denied.


                            **BACKGROUND**

        On October 2, 2006, petitioner pleaded guilty before the
undersigned to possession with intent to distribute cocaine base,
in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii).  On
November 12, 2006, the government, pursuant to 21 U.S.C. § 851,
filed a prior felony information, charging that petitioner had
been previously convicted of a felony drug offense before Judge
Gershon on September 30, 2005.

At petitioner's March 12, 2007 sentencing, I adopted the Presentence Investigation Report ("PSR") and the First and Second Addenda thereto without change.  Accordingly, I found petitioner accountable for 42.84 grams of crack and her base offense level to be 30.  Following a two-level upward adjustment relative to her possession of firearms and a three-level reduction for acceptance of responsibility, I determined petitioner's adjusted offense level was 29.  Since petitioner's Criminal History Category ("CHC") was II, her advisory guideline range was 97 to 121 months.

Due to petitioner's prior felony drug conviction and the quantity of drugs involved in the case before me, I concluded that petitioner was subject to a statutory mandatory minimum penalty of 10 years.  21 U.S.C. § 841(b)(1)(B).  Accordingly, I sentenced petitioner to the statutorily mandated minimum sentence, a term one month less than the top end of her guideline range.  Subsequently, on July 17, 2007, petitioner was sentenced to a two year term of imprisonment by Judge Gershon for her violation of her probation to run concurrently with the sentence in the case before me.

On March 20, 2007, defendant appealed this Court's judgment. The government moved to dismiss defendant's appeal, in May of 2008, arguing that defendant waived her appellate rights in her plea agreement.  That motion, and petitioner's direct appeal,

remain pending.

On February 29, 2008 petitioner moved, *pro se*, for a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706, as amended by Amendment 711, to the United States Sentencing Guidelines.[1]  I denied this motion on April 10, 2008, concluding that a modification of petitioner's sentence was not authorized because petitioner remained subject to the statutorily mandated minimum sentence.  April 10, 2008, Sentencing Memorandum, at 4-5.  Petitioner moved for reconsideration on April 28, 2008.  On June 11, 2008, I denied petitioner's motion for reconsideration.  June 11, 2008, Sentencing Memorandum.

However, petitioner's motion for reconsideration raised, for the first time, the argument that petitioner's prior drug felony was not final and that accordingly 21 U.S.C. § 841(b)(1)(B)'s five-year, rather than ten-year, mandatory minimum applied.  In denying petitioner's motion, I noted that this argument, although

---

[1]  On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect.  Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base ("crack") offenses. On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted to apply the amendment retroactively to crack offenses, effective March 3, 2008.  The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implements the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.  On May 1, 2008, the Sentencing Commission further amended U.S.S.G. § 2D1.1.

not properly brought on a motion for reconsideration or under 18 U.S.C. § 3582(c)(2), could be brought as a petition under 28 U.S.C. § 2255. *Id.* at 6-7. I thereafter sought petitioner's consent to treat her reconsideration motion, insofar as it related the question of the applicable mandatory minimum, as a § 2255 petition, and advised petitioner of the consequences of recharacterization. *Id.* Petitioner consented on June 23, 2008.

On July 1, 2008, I issued an Order to Show Cause directing the government to show cause why the relief requested in petitioner's § 2255 application should not be granted. The government responded on July 23, 2008. Petitioner has filed no reply, although given leave to do so within 20 days of receipt of the government's submission.

## DISCUSSION

Petitioner argues that the prior drug conviction was not final, because petitioner was still serving a term of probation, and that 21 U.S.C. § 841(b)(1)(B)'s five-year, rather than ten-year, mandatory minimum applies. Consent at 1. Petitioner also argues that doubling what she considers to be the mandatory minimum and subjecting her to an additional two-year term for violation of probation violates 18 U.S.C. § 3553. *Id.* Read liberally, petitioner also appears to argue ineffective assistance of counsel on the grounds that counsel failed to argue

that the five-year mandatory minimum was applicable.  *Id*.
Petitioner seeks to be re-sentenced to the five-year mandatory
minimum.  *Id*. at 2.  The government argues that petitioner's
claims are time barred, procedurally barred, barred by her plea
agreement, and substantively without merit.  July 23, 2008, Gov't
Opp. at 1.


## A. Adjudication of § 2255 Petition While Direct Appeal is Pending

Before I address the substance of petitioner's application,
however, I consider the propriety of adjudicating the motion
since petitioner's direct appeal remains pending before the
Second Circuit.  Numerous district courts within the Second
Circuit have dismissed habeas petitions without prejudice as
premature based on the pendency of a direct appeal.  *See*, *e.g.*,
*Nuey v. United States*, No. 06 Civ. 4367 (AKH), 2007 WL 465214, at
*1 (S.D.N.Y. Feb. 9, 2007) ("'[A]bsent extraordinary
circumstances,' a district court will not entertain a petition
for habeas corpus pursuant to 28 U.S.C. § 2255 during the
pendency of the direct appeal") (citing Rules Governing Section
2255 Proceedings for the United States District Courts, Rule 5,
Advisory Committee Notes); *United States v. Abney*, Nos.
04-CR-6164, 07-CV-6126, 2007 WL 954732, at *1 (W.D.N.Y. Mar. 27,
2007); *United States v. Grullon*, No. 96 Cr. 466 (JFK), 1997 WL
739082, at *1 (S.D.N.Y. Nov. 25, 1997).

However, "there is no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal... Any concern over such a practice is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity." *United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis in original) (citations omitted); *see also United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) ("there is no ipso facto bar to a district court adjudication of a § 2255 motion during the pendency of a direct appeal, particularly where 'extraordinary circumstances' exist") (citations omitted).

Petitioner's claim that only the five-year mandatory minimum is applicable to her case is not before the Second Circuit. Additionally, the government has moved to dismiss on the grounds that petitioner's appeal was barred by her plea agreement. Accordingly, the concerns of judicial economy are slight, since I will have to decide the issue of the applicable mandatory minimum whether or not her appeal proceeds. Nor are the results on a direct appeal likely to render my decision a nullity, since reversal of petitioner's conviction seems unlikely and since the issue concerning her sentence is not before the Court of Appeals. Since I base my decision on the merits rather than on the terms of petitioner's plea agreement, there is little concern for conflicting determinations. Because there is no jurisdictional

bar to my adjudicating petitioner's § 2255 motion, and because the prudential concerns that would counsel against doing so are not implicated, I proceed to the merits.

## B. The Ten-Year Mandatory Minimum Is Applicable to Petitioner[2]

An individual convicted of possession with intent to distribute more than five grams of crack "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 10 years . . ." 21 U.S.C. § 841(b)(1)(B). Otherwise the mandatory minimum sentence is five years. *Id.*

"[A] prior conviction is final within the meaning of 21 U.S.C. § 841(b)(1)(B) . . . when all avenues of direct appellate review have been exhausted." *United States v. Lovell*, 16 F.3d 494, 497 (2d Cir. 1994) (citations omitted) (prior conviction final because time to appeal had expired when defendant committed the second offense); *see also United States v. Glen*, 418 F.3d 181, 186 (2d Cir. 2005). Moreover, "a judgment of conviction that includes [a sentence of probation] constitutes a final judgment . . ." 18 U.S.C. § 3562(b). Accordingly, petitioner's prior drug conviction became final on October 14, 2005, when the time for her to appeal expired. Her instant offense occurred on

---

[2] The government is incorrect in asserting that the petition is time barred, since petitioner's appeal is still pending.

April 7, 2006, well after the October 2005 date.  Accordingly,
petitioner was properly subjected to 21 U.S.C. § 841(b)(1)(B)'s
ten-year mandatory minimum.  That petitioner's term of probation,
imposed by Judge Gershon, had not yet expired does not mean that
petitioner's prior conviction was not final.[3]

Petitioner also argues that her counsel was ineffective.  In
*Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d
203 (1985), the Supreme Court applied the traditional two-prong
test for ineffective assistance set out in *Strickland v.
Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),
to guilty pleas.  To prevail on a claim of ineffective assistance
of counsel with respect a guilty plea, petitioner must
demonstrate both that her counsel's performance (1) "fell below
an objective standard of reasonableness," and (2) "that there is
a reasonable probability that, but for counsel's errors, [the
petitioner] would not have pleaded guilty and would have insisted

---

[3] Petitioner also appears to argue that her sentence should be modified
because Judge Gershon, based on petitioner's April 7, 2006 conduct, imposed a
two-year sentence for petitioner's violation of probation.  Petitioner argues
that this sentence, when combined with this Court's ten-year term, violates
the precepts of 18 U.S.C. § 3553.  Because Judge Gershon's sentence directed
that her sentence run concurrently to this Court's, petitioner's argument is
unpersuasive.

Moreover, it is clear that this Court did consider the factors under §
3553 in imposing the sentence at issue, although it was bound to impose the
statutory minimum.  March 12, 2007 Sent. Tr. at 5-7; *see also United States v.
Rivera*, 170 Fed.Appx. 209, 211 (2d Cir. 2006) (concluding situation was the
"'ordinary case' in which a district court must continue to calculate the
recommended sentence in accordance with the Guidelines, and then, '*bounded by
any applicable statutory minimum and maximum*,' ascertain whether that
recommendation is appropriate in light of the sentencing considerations listed
in 18 U.S.C. § 3553(a)." (emphasis added) (quoting *United States v. Sharpley*,
399 F.3d 123, 127 (2d Cir. 2005)).

on going to trial." *Hill*, 474 U.S. at 57-59.

Petitioner states that when pleading guilty "she was not aware of the disposition of the law and her attorney never explained it to her." I take this to mean that petitioner's attorney failed to advise her that her conviction was not final. This was not an instance of ineffectiveness because, for the reasons set forth above, her conviction was in fact final. Petitioner also contends that she was not "vigorously and conscientiously" defended by her counsel. Petitioner's assertion is not supported by any specific errors by counsel. She was advised of the potential applicability of the ten-year minimum term by counsel and the Court prior to her plea, Nov. 2, 2006 Plea Tr. at 14, 16.[4] Her counsel had significant discussions with the government to persuade them to withdraw the prior felony information following the plea, but the government would not do so. *See* March 12, 2007 Sent. Tr. at 2-3.

### CONCLUSION

For the reasons set forth above, petitioner's application is denied. Petitioner is denied a certificate of appealability because petitioner has not made a substantial showing of the

---

[4] Although at her plea, petitioner stated initially that she was not satisfied with her attorney and did not want to plead guilty because "I don't want the 10 years," Plea Tr. at 5, she later, after a brief adjournment, stated she did wish to plead guilty and was satisfied with counsel. *Id.* at 8-9. The issue was not her attorney's performance but her belief that the penalty was too harsh. *Id.*

denial of a constitutional right.  *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996).  The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :  Brooklyn, New York
         February 25, 2009


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge