UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Lakquan Lopez,

                                                    08-CV-2652
                              Petitioner,           (CPS)

          - against -

                                                    MEMORANDUM
                                                    OPINION
United States of America                            AND ORDER

                              Respondent.

------------------------------------X

SIFTON, Senior Judge.

      Lakquan Lopez ("petitioner") was convicted in 2007 of

possession with intent to distribute cocaine base ("crack"), in

violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). On

February 25, 2009, I denied petitioner's application to vacate,

set aside, or correct that conviction pursuant to 28 U.S.C. §

2255. On March 24, 2009, petitioner submitted a "Response to

Memorandum, Opinion and Order," seeking a certificate of

appealability,[1] which I had denied in the February 25 decision. I

issued an Order to Show Cause for the government to show why this

submission should not be construed as a motion for

reconsideration. The government's response addressed the merits

of the submission as a motion for reconsideration, and I have

therefore treated it as such. For the reasons stated below, the

_____

      [1]In order to appeal the denial of a habeas petition, a petitioner must
receive a certificate of appealability, which is granted only if the
petitioner has made a "substantial showing of the denial of a constitutional
right." 28 U.S.C. § 2253(c)(2).

motion is denied.

## BACKGROUND

On October 2, 2006, petitioner pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). On November 12, 2006, the government, pursuant to 21 U.S.C. § 851, filed a prior felony information, charging that petitioner had been previously convicted of a felony drug offense before Judge Gershon and sentenced to five years probation on September 30, 2005.[2]

At petitioner's March 12, 2007 sentencing, I found petitioner accountable for 42.84 grams of crack resulting in an adjusted offense level of 29. Since petitioner's Criminal History Category was II, her advisory guideline range was 97 to 121 months. However, due to petitioner's prior felony drug conviction and the quantity of drugs involved in this case, petitioner was subject to a statutory mandatory minimum penalty of 10 years, to which I sentenced petitioner. 21 U.S.C. § 841(b)(1)(B).[3] On July 17, 2007, Judge Gershon sentenced petitioner to a two year term of imprisonment for violation of probation (based on the offense giving rise to this case) to run concurrently with the sentence in this case.

---

[2]Case number 04-CR-354.

[3]An individual convicted of possession with intent to distribute more than five grams of crack cocaine "after a prior conviction for a felony drug offense has become final... shall be sentenced to a term of imprisonment which may not be less than 10 years..." 21 U.S.C. § 841(b)(1)(B).

Petitioner subsequently moved for modification of her sentence, which I denied on April 10, 2008. Petitioner moved for reconsideration on April 28, 2008. This motion raised, for the first time, the argument that petitioner's prior drug felony was not final and that, accordingly, 21 U.S.C. § 841(b)(1)(B)'s five-year mandatory minimum applied. I denied the motion on June 11, 2008, noting that the finality question, while not properly considered in a motion for reconsideration, could be brought as a petition under 28 U.S.C. § 2255. I sought petitioner's consent to treat her reconsideration motion, insofar as it related the question of the applicable mandatory minimum, as a § 2255 petition, and petitioner consented.

For the purpose of the § 2255 petition, I considered the following arguments made by petitioner: that her prior drug conviction was not final at the time of her new conviction because she was still serving a term of probation, and therefore she should have been subjected to a five-year (rather than a ten-year) minimum, and that her counsel had been ineffective for failing to explain the proceedings and failing to vigorously defend her.

In my February 25 decision, I determined that the 10-year mandatory minimum was applicable, on the ground that petitioner was convicted of possession with intent to distribute more than five grams of crack and had a prior felony drug offense that had

become final. I next found that petitioner had not established ineffective assistance of counsel, because her counsel had informed petitioner of the possibility that she would receive a ten-year mandatory minimum and her counsel attempted to persuade the government to withdraw the felony information upon which the 10-year mandatory minimum was predicated, albeit without success.

In her motion for reconsideration of my February 25 order, petitioner again  argues that she was subject only to a mandatory five-year minimum sentence because her prior felony conviction was not final at the time of her new conviction. In addition, she makes several new claims: (1) she was subjected to double jeopardy because her prior felony drug conviction should not have been taken into account when computing her criminal history; (2) if Judge Gershon had sentenced her to two years of imprisonment to run consecutively to her sentence imposed by this Court, she would have served seven years rather than ten; (3) her appeal was not barred by the plea agreement; (4) she should have received a downward departure based on her mental state; (5) a "firearm was treated as an element per Apprendi"; and (6) battered woman syndrome should have been taken into account in her case.

Following the submission of petitioner's motion, and following the government's response to her papers, petitioner filed a "Motion in Support of Reconsideration of § 2255," which I treat here as an addendum to her motion for reconsideration. In

this submission, petitioner states that her sentence should be modified on several grounds: prosecutorial misconduct, an error in the Presentence Investigation Report (PSI) regarding the amount of drugs in her possession at the time of her arrest, battered women's syndrome, and cruel and unusual punishment.

## DISCUSSION

A motion for reconsideration pursuant to Local Rule 6.3 is appropriate in cases in which a court "overlooked controlling decisions or factual matters that were put before it on the underlying motion" which, if examined, might reasonably lead to a different result. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). Additionally, a motion for reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice. *See Doe v. New York City Dept. of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Petitioner has identified no controlling decisions or factual matters put before this Court in the underlying motion which could lead to a different result. Nor has she identified any change in controlling law, new evidence, clear error, or manifest injustice. Instead, she reiterates her argument, which I have previously rejected, that her prior felony conviction was not final. Petitioner's new arguments regarding double jeopardy, her mental state, her use or possession of a firearm, battered

women's syndrome, errors in the PSI report,[4] and cruel and unusual punishment are not arguments made in the underlying motion and therefore may not be presented by way of a motion for reconsideration. The question of whether petitioner waived her right to appeal is currently being considered by the Court of Appeals in petitioner's pending appeal.

Petitioner's allegation that the government should be sanctioned for prosecutorial misconduct is also without merit. Petitioner argues that the government engaged in misconduct by failing to comply with my July 1, 2008 Order to Show Cause, in which I directed the government to submit papers by July 23, 2008 as to why petitioner's § 2255 motion should not be granted. The government responded to my Order on July 23, 2008. However, it appears that petitioner did not receive a copy of the government's papers until April, 2009, following petitioner's motion for reconsideration, which referenced the fact that she had not received the papers. The fact that petitioner did not

---

[4]A few words of explanation as to the PSI report are in order. Petitioner states that, although she pleaded guilty to possession with the intent to distribute five grams or more of crack cocaine, at the time of arrest she was only in possession of 3.5 grams of crack, which amount was for personal use. To lend support to this contention, petitioner states that the PSI included a typographical error in the following sentence: "Recovered from the defendant's apartment was the following: five twist bags of crack cocaine totaling ½ ounce and 44.5 grains (approximately 42.84 grams); a quantity of marijuana..." Petitioner argues that the sentence should have read: "five bags of crack cocaine totaling ½ oz, and 44.5 grains (approximately 42.84 grams) of marijuana." Petitioner alleges that a half ounce of crack is a "minuscule amount" that is "obviously for personal use" and does not add up to one gram. In fact, a half ounce is equal to 14.17 grams, well in excess of the five gram threshold set by 21 U.S.C. § 841(b)(1)(B). Thus, in addition to the fact that petitioner stated in her plea colloquy that she was guilty of the crime charged, petitioner's argument fails on its own terms.

receive the papers in a timely fashion is reprehensible, but is not a basis upon which to sanction the government for prosecutorial misconduct, as the government did not fail to comply with my Order.

### CONCLUSION

For the reasons stated herein, petitioner's motion for reconsideration is denied. Petitioner is denied a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right. *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996). The Clerk is directed to mail a copy of the within to petitioner, and to transmit a copy of the within to petitioner.

SO ORDERED.

Dated :    Brooklyn, New York
           May 6, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                         United States District Judge