FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                      06 CR 430 (SJ)
                      08CV2652 (CPS)

    v.

                      MEMORANDUM
                      AND ORDER

LAKQUAN LOPEZ,

    DEFENDANT.
-----------------------------------------------------X

APPEARANCES
UNITED STATES ATTORNEY
Loretta E. Lynch
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Jacqueline Kasulis

LAKQUAN LOPEZ, Pro Se
Register No. 70974-053
Federal Prison Camp
Pembroke Station
Danbury, CT 06811

**JOHNSON, Senior District Judge:**

      The facts and circumstances surrounding the instant motion filed by defendant Lakquan Lopez ("Lopez" or "Defendant") are fully set forth in the following Court orders: the April 15, 2008 and June 11, 2008 orders denying,

1

respectively, Defendant's motion to resentence and Defendant's motion for reconsideration of that motion; the February 25, 2009 order denying Defendant's 28 U.S.C. § 2255 ("Section 2255") motion to vacate her sentence; and the May 6, 2009 denying Defendant's motion for a reconsideration of that denial. While familiarity with each is assumed, a brief recitation of the procedural posture is in order.

October 2, 2006, Lopez pled guilty to possession with intent to distribute cocaine base. Based on the quantity of drugs, and the adjustments for both the possession of a firearm and acceptance of responsibility, the advisory guideline range for her offense was 97 to 121 months. However, because of her prior felony drug conviction, she was subject to the mandatory minimum penalty of ten years, see 21 U.S.C. § 841(b)(1)(B), to which she was in fact sentenced. Thereafter, Lopez filed her first motion to resentence pursuant to both 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and Amendments 706 and 711 (the "Amendments") to the United States Sentencing Guidelines (the "Guidelines"). Based on the fact that the Amendments do not affect a sentence driven by a mandatory minimum term, the motion was denied. See, e.g., United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("Once the mandatory minimum is applied, [Defendant's] sentence was no longer 'based on a sentencing range subsequently lowered,'" rendering Amendments 706 and 711 irrelevant.)

P-049

Defendant then moved for reconsideration of that order arguing principally, and for the first time, that because she was on probation for her prior felony drug conviction at the time of second offense, the first offense had not become final and thus could not trigger application of the ten year mandatory minimum. The Court identified the motion as one properly brought pursuant to Section 2255, and directed her to indicate whether she wished it to be converted accordingly, which she did by letter received June 25, 2008. In denying the converted motion, the Court found that the expiration of the time during which Lopez could have appealed her prior conviction made that prior sentence final, notwithstanding that the prior sentence was for a period of probation that itself had not yet expired. See 18 U.S.C. § 3562(b) ("A judgment of conviction that includes [probation] constitutes a final judgment."). Defendant's ineffective assistance of counsel claim was also rejected, and her motion to reconsider that order was denied.

Presently before me is an undated letter from Lopez which was received by the Court on August 22, 2011. In it she states that she would like "to find out if [she] is eligible for the crack law that goes into effect in November 1, 2011," and to be appointed a lawyer if so. Like the prior Amendment, the impending amendment to the Guidelines only affects those who were sentenced pursuant to an existing Guideline range. As established in the orders denying Defendant's prior motions, she was sentenced to a mandatory minimum sentence and her arguments against that minimum sentence have all been considered and rejected. Therefore, the

3

instant motion, too, must be denied. See Press Release, United States Sentencing Commission, *U.S. Sentencing Commission Votes Unanimously to Apply Fair Sentencing Act of 2010 Amendment to the Federal Sentencing Guidelines Retroactively* (June 30, 2011), *available at* http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20110630_Press_Release.pdf; see also United States v. Besaw, 2009 WL 1310483 (N.D.N.Y. May 8, 2009) (crack cocaine amendment "does not help" defendant sentenced to statutory mandatory minimum term); United States v. Windley, 2009 WL 483329 (E.D.N.Y. Feb. 25, 2009) (Section 3582(c)(2) does not permit modification of a statutory minimum penalty); United States v. Prince, 2008 WL 5233172 (E.D.N.Y. Dec. 9, 2008) (collecting cases holding same); United States v. Felix, 2008 WL 2854512, at *1 (S.D.N.Y. July 21, 2008) ("A sentence reduction is not authorized under 3582(c)(2) if 'an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)'") (quoting U.S.S.G. § 1B.10 Application Note I(A).).

For the foregoing reasons, Defendant's motion is denied. SO ORDERED.

DATED: October 20, 2011  /s
Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.